Robert BROCK, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 41518.

Missouri Court of Appeals, Eastern District, Division Three.

July 15, 1980.

Joseph V. Neill, St. Louis, for movant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Lisma M. Camel, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Rule 27.26 motion. On May 23, 1978, movant pleaded guilty to operating a motor vehicle without the owner's consent and two counts of stealing over $50.00. At the time he entered his plea, motions to sever offenses, to suppress evidence and to suppress statements were on file and pending, but not yet ruled upon, with respect to the two counts of stealing.

Among various other allegations of misconduct on the part of his lawyer, movant alleged that his lawyer advised him the three aforementioned motions had been overruled, and that it was only upon his being so advised that he decided to plead guilty. The trial court denied movant an evidentiary hearing because: (1) Movant entered his guilty plea voluntarily, knowingly and intelligently; and, (2) His motion failed to plead facts, not disproved by the record itself, which would justify an evidentiary hearing.

The trial court properly denied movant's motion without an evidentiary hearing for the reason that movant failed to plead facts, as opposed to conclusions, which would warrant relief. *McCaskill v. State*, 579 S.W.2d 760, 761 (Mo.App.1979). Even were we to assume as true every factual element of his motion (as it alluded to the allegations above) movant failed to plead facts illustrative of the requisite *prejudice*. *Smith v. State*, 513 S.W.2d 407, 411 (Mo. banc 1974); *Haliburton v. State*, 546 S.W.2d 771, 773 (Mo.App.1977). For example, movant's motion does not, with any degree of specificity, enumerate which of the evidence or statements he sought to suppress; he does not state that the motions which were pending with regards thereto were meritorious; and, he does not allege or suggest how a favorable disposition of these motions would have resulted in additional defenses, etc., or would have inured to his benefit.

The judgment of the trial court is based upon findings of fact which are not clearly erroneous. *McCaskill v. State, supra; Mitchell v. State*, 447 S.W.2d 281, 283 (Mo. 1969); and *Kunkel v. State*, 501 S.W.2d 52, 54 (Mo.1973). No error of law appears and an extended opinion would have no precedential value.

Judgment affirmed in accordance with Rule 84.16(b).

DOWD, P. J., and REINHARD, J., concur.