STATE of Missouri,
Plaintiff–Respondent,

v.

Kenneth Richard COOK,
Defendant–Appellant.

No. 41339.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 2, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 17, 1980.

Applications to Transfer Denied
Nov. 12, 1980.

Jenny, Cole & Eckelkamp, Gael D. Wood, Washington, for defendant appellant.

John Ashcroft, Atty. Gen., Paul R. Otto, Lew Kollias, Asst. Attys. Gen., Jefferson City, Daniel M. Buescher, Pros. Atty., Union, for plaintiff respondent.

SMITH, Presiding Judge.

Defendant appeals from his conviction of first degree robbery and armed criminal action and the sentence of 35 years on the former and 5 years on the latter, to run consecutively. We affirm the robbery conviction and reverse the armed criminal action conviction.

The evidence was sufficient to establish that two men robbed, at gunpoint, the Holiday Inn in Sullivan, Missouri. The establishment was "cased" moments earlier by a woman wearing a distinctive red patch on the seat of her jeans. Based upon a description of the robbers, a deputy sheriff of Franklin County arrested one of the robbers at the Diamond Inn Motel in Franklin County and also arrested his woman companion. The tell-tale jeans were found in the room where the couple was staying. While the police were in the room, defendant ran from the room next door and was arrested following a foot chase. Defendant had in his possession over $450 in cash upon arrest. A subsequent search of defendant revealed a key to the motel room from which defendant ran and a search of that room uncovered a .22 caliber pistol hidden under the mattress. Defendant made some inculpatory statements after his arrest. He was identified as one of the holdup men by one of the employees who was held up, and by the woman companion of the first man arrested as a co-participant in the robbery.

■ The defendant first contends that the trial court erred in failing to give MAI CR 2.70. This matter was not raised at trial or in the motion for new trial and is reviewable solely on the basis of plain error. We find no manifest injustice. MAI CR 2.70 is a mandatory instruction where there are multiple counts against one defendant. By its language it appears to apply to separate counts where neither count is dependent upon the other. We noted in *Simms v. State*, 568 S.W.2d 801 (Mo.App.1978) the possibility of confusion from 2.70 in armed criminal action cases where one count is in fact dependent on the other. Although MAI–CR 2.70 was a mandatory instruction, we cannot find plain error resulting in manifest injustice from the court's failure to give it, particularly in view of our reversal of the armed criminal action conviction. *State v. Johnson*, 559 S.W.2d 756 (Mo.App. 1977) [2, 3].

■ Defendant next contends that the court should have declared a mistrial because of a reference in the prosecutor's opening statement to an exhibit which was subsequently denied admission. The reason for the subsequent denial was that the exhibit had not been furnished through discovery to defendant. This failure was unintentional. The fact that the prosecutor refers to evidence which he has reasonable grounds to believe could be proved but which is later excluded is not a ground for mistrial. *State v. Paige*, 446 S.W.2d 798 (Mo.1969) [5, 6]. The record reflects, and defendant concedes in his brief, that no bad faith is present here. The prosecutor reasonably believed the exhibit had been made available to defense counsel and had no reason to anticipate the exhibit would not be admitted into evidence. We find no error.

■ Related to that contention is defendant's next point-that the trial court erred in failing to instruct the jury to disregard all reference to the excluded exhibit. In chambers the trial court agreed to so instruct the jury. Upon resumption of the trial, no such instruction was given. Defendant concedes that the trial court simply forgot. Defendant failed to call the matter to the court's attention and we believe it was defendant's obligation to do so. We will not premise prejudicial error upon such an inadvertent oversight where defendant fails to remind the court of the in-chambers agreement.

■ Defendant also premises error upon the failure of the trial court to sustain his motion to suppress defendant's post-arrest statements. No objection was made to this evidence when it was introduced at trial. In *State v. Davis*, 547 S.W.2d 482 (Mo.App. 1976) [7, 8], we stated:

"[I]t is immaterial that a motion to suppress evidence may have been improperly overruled if the evidence which is the subject of the motion is not subsequently received in evidence, or if received it is not objected to, or if received and objected to it is not challenged on appeal on the ground that it was improperly admitted in evidence."

The matter has not been preserved for review.

■ Defendant's final point which need be reached is that *Sours v. State*, 593 S.W.2d 208 (Mo. banc 1980), (*Sours I*), precludes his conviction for both armed criminal action and robbery. The Supreme Court has reaffirmed its previous conclusion that the armed criminal action statute is a violation of the rule against double jeopardy. *Sours v. State*, 603 S.W.2d 592 (Mo. banc 1980) (*Sours II*). Defendants conviction of armed criminal action must be reversed.

Judgment affirmed as to the conviction for robbery; judgment as to conviction of armed criminal action is reversed.

SATZ and SIMON, JJ., concur.