STATE of Missouri, Respondent,

v.

Jerry WIGGINS, Appellant.

No. 43407.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 17, 1982.

Bell, Harris, Kirksey & Thomas, Allen I. Harris, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Defendant appeals from a judgment entered on a jury verdict convicting him of robbery in the first degree under § 569.-020.–1(2), RSMo.1978 (all further references to statutory sections are to RSMo.1978):

"A person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he, or another participant in the crime,

\*     \*     \*     \*     \*     \*

(2) Is armed with a deadly weapon."
He was sentenced to fifteen years' imprisonment. Defendant correctly contends the trial court erred by refusing his requested instruction on the included offense of assault in the third degree, § 565.070. We reverse and remand for a new trial.

The state's case was that defendant and his confederate, a Robert Cunningham, were concealing a sawed-off shotgun and a six-shot .22 caliber revolver, respectively, when they greeted a cab they had summoned at 4:00 a.m. one morning in September, 1979. En route to an ostensible south St. Louis destination, one of them asked the cab driver whether he could change a twenty-dollar bill. The driver, concerned about the slightly more than $200 he had in his pockets, answered he could not, and stopped at an all-night fast-food restaurant to get the change. The driver had just reached the cab on returning from the restaurant when defendant and Cunningham leaped out of the rear seat and defendant, brandishing the sawed-off shotgun, called out, "Okay, man, we don't want no dollar, we want it; give me what you have got." The driver grabbed the shotgun and was struggling with defendant when Cunningham, standing five or six feet away, pulled out the revolver and fired six times, five of the six shots hitting the driver in the stomach and back. The driver fell, taking defendant down with him, both still struggling for the shotgun and the driver calling out for help, while Cunningham was pulling money from the driver's pockets. Within moments an off-duty police officer working as a security guard at the restaurant ran to the driver's aid, and defendant and Cunningham were arrested.

Defendant testified the shotgun was broken and wouldn't fire, and that he and Cunningham were taking it to a friend's house. Defendant asked the cab driver to change the twenty-dollar bill. They stopped at the restaurant; the driver took the twenty into the restaurant but returned saying he couldn't get change and refused to return defendant's money. Defendant's and the driver's argument over the money turned into a fight (during which the shotgun fell out from under defendant's jacket), and then "[t]he friend with me [i.e., Cunningham] jumped up and shot him [i.e., the driver]."

Instructing on lesser or included offenses in non-homicide cases is controlled by § 556.046(2), which was taken from the Model Penal Code § 1.07(5). Section 556.-046(2) provides:

"The court shall not be obligated to charge the jury with respect to an included offense unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense."

The basis for acquittal to which the statute refers is "conflicting evidence relating to elements of the crime charged," Model Penal Code § 1.08(5) Comment at 43 (Tent. Draft No. 5, 1956), or "*facts in evidence . . .* sufficient to arguably show a lack of an essential element of the higher degree of the offense." (Emphasis added.) *State v. Howell,* 524 S.W.2d 11, 21 (Mo. banc 1975). *And see, State v. Olson,* 636 S.W.2d 318 (1982). The state's evidence showed that it was Cunningham, not defendant, who actually took the cab driver's money. Therefore, proof against defendant of that element of first degree robbery lies in holding him responsible for Cunningham's conduct, which in turn required proof under § 562.-041.–1(2) that "[e]ither before or during the commission of an offense *with the purpose of promoting the commission of an offense,* he [i.e., defendant] aids or agrees to aid or attempts to aid such other person [i.e., Cunningham] in planning, committing or attempting to commit the offense." (Emphasis added.) Defendant's testimony, if believed, shows he had no purpose to help Cunningham commit robbery, and so "arguably show[s] a lack of an essential element" of his committing robbery in the first degree. *State v. Howell, supra.*

Assault is a lesser included offense of robbery in the first degree; and the trial court's refusal to give an offered instruction on it when the evidence satisfies the requirements of § 556.046(2), is reversible error. *State v. Bigham,* 628 S.W.2d 681 (Mo.App.1982). Accordingly, we reverse and remand for a new trial.

Our disposition of the case on defendant's first assignment of error grants him all the relief he seeks here, making it unnecessary to reach his other point on appeal.

Reversed and remanded.

REINHARD, P.J., and SNYDER, J., concur.