Nicholas TETTAMBLE, Movant,

v.

STATE of Missouri, Respondent.

No. 44922.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 14, 1982.
Rehearing Denied Oct. 15, 1982.

Prudence L. Fink, Union, for movant.

Walter Murry, Jr., Pros. Atty., Union, Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from a denial of his Rule 27.26 motion without an evidentiary hearing. The conviction sought to be vacated was for burglary in the second degree, burglary and stealing, and possession of burglary tools.

■ Movant's conviction was affirmed in *State v. Tettamble,* 561 S.W.2d 414 (Mo. App.1977). Movant alleges that his trial counsel suffered from narcolepsy, or a similar disorder, which caused him to be inattentive during various important stages of the proceedings thereby prejudicing his case. He alleges that his lawyer was inattentive during trial, but fails to specifically state what prejudice resulted. A failure to allege facts with any degree of specificity as to prejudice justifies a denial of an evidentiary hearing. *Brock v. State,* 603 S.W.2d 57, 58 (Mo.App.1980).

Movant not only failed to plead facts which warrant relief, but his allegations were refuted by the record. *Smith v. State,* 513 S.W.2d 407, 411 (Mo.banc 1974). The record is void of any evidence of movant's complaints about his trial counsel. There was no evidence that the trial court noticed any ineffectiveness by trial counsel. The record shows that movant's trial counsel actively participated throughout the trial. See, *Ross v. State,* 601 S.W.2d 672, 676 (Mo.App.1980).

■ In oral argument counsel argued that the attack of narcolepsy or similar malady occurred when his appointed counsel failed to object to the introduction of four photographs. Specifically, that he failed to object to the prosecutor's lack of foundation while introducing the photographs. There is nothing in the record, or in appellant's brief, to suggest that a foundation could not have been laid upon objection. On the contrary, the trial transcript reveals that defense counsel may very well have withheld objections to the photographs to prevent the jury from assigning undue importance to them. This is especially so in light of the fact the defendant testified at trial and did not attempt to refute his presence at the scene or his role in the commission of the crime. Instead, defense counsel focused on defendant's accountability for the crimes. An examination of the transcript below reveals defense counsel participation throughout the period of the alleged disorder, thus undermining any claim of narcolepsy or lapse of consciousness.

Finally, movant charges the trial court erred in dismissing his Rule 27.26 motion "because the three count information did not charge appellant with all the essential elements of the crimes, and, therefore was fatally defective and subject to collateral attack under Rule 27.26."

The state correctly asserts this point relied on has not been preserved for appeal as it is conclusory and fails to state wherein and why the trial court erred in violation of Rule 84.04(d). We have gratuitously searched the argument portion of movant's brief along with the record and find the three count information did charge movant with all of the essential elements of his crime. *State v. Garrett,* 595 S.W.2d 422, 433 (Mo.App.1980). An evidentiary hearing on this point relied on would be of no benefit to movant.

Judgment affirmed.

REINHARD, P.J., and SNYDER, J., concur.