Katherine Christine KURTZ, Appellant,

v.

STATE of Missouri, Respondent.

No. 45552.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 19, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 17, 1982.

Application to Transfer Denied
Feb. 23, 1983.

William J. Shaw, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George R. Westfall, Pros. Atty., Clayton, for respondent.

CRIST, Judge.

This appeal is from a trial court order denying without an evidentiary hearing movant's Rule 27.26 motion to vacate her life sentence imposed on her conviction of first degree murder. We affirm.

In May, 1975, a jury convicted movant under § 559.010, RSMo.1969 (since repealed) of the first degree murder of her husband by poisoning him. We transferred her appeal to the Supreme Court, which reviewed for "plain error" under what is now Rule 29.12(b) (as the point was not preserved in movant's motion for new trial)

the trial court's failure to instruct down through second degree murder and manslaughter as was then required by Note 6 of the Notes on Use of MAI–CR 6.02 (effective March 1, 1975):

> Additional instructions both on second degree murder . . . and manslaughter . . . *must* be given in all cases where the pleadings and evidence warrant the submission of first degree murder under MAI–CR 6.02. [Emphasis in original.]

Movant's conviction and sentence was affirmed. *State v. Kurtz,* 564 S.W.2d 856 (Mo.banc 1978). The Supreme Court concluded that failure to give the lesser homicide instructions did not result in "manifest injustice or miscarriage of justice" which the plain error rule relieves. *Id.* at 862.

Movant now contends that had her trial counsel preserved the instructional error for appellate review by including it in her motion for new trial, it would have been reviewed under standards less stringent than those required to reverse for plain error and that the probability of a ruling favorable to her would have been substantially higher. She concludes that her trial counsel's failure to preserve the issue for appellate review was ineffective assistance of counsel, and that her sentence must be vacated.

The now-familiar two-part test for ineffective assistance of counsel is in *Seales v. State,* 580 S.W.2d 733, 736 (Mo.banc 1979):

> [A] defendant must show that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, *and* that he was prejudiced thereby. [Emphasis added.]

We cannot know on this record and therefore do not intimate whether movant could satisfy the first part of the test. She did fail to satisfy the second part.

"Prejudice" in the context of postconviction relief proceedings signals more than disadvantage to a party presumed from ordinary trial error. Whether restated as enhancing the risk of unwarranted conviction, see: *Barker v. State,* 505 S.W.2d 448, 451 (Mo.App.1974), or as a deprivation of substantial rights, *id.;*

*McKnight v. State,* 497 S.W.2d 201, 204 (Mo.App.1973), to give but two examples, prejudice of the kind that will vitiate a conviction looks to a dereliction of counsel's duty so egregious as to debase the integrity of the trial itself.

█ Nothing in this record shows either a reason for the omission in movant's motion for new trial, or the effect of that omission on her trial. The omission alone does not imply prejudice that would nullify her conviction, *see: Brown v. State,* 589 S.W.2d 368, 368–69 (Mo.App.1979), nor will we infer such prejudice from that omission when on movant's earlier appeal the Supreme Court upheld her conviction as just.

Order affirmed.

REINHARD, P.J., and SNYDER, J., concur.