Kenneth COOK, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 54314.

Missouri Court of Appeals, Eastern District, Division One.

June 21, 1988.

---

Thomas S. Arras, Public Defender, Union, for movant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals after the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant was convicted of first-degree robbery and armed criminal action and was sentenced to consecutive prison terms of 35 and five years. On direct appeal we affirmed the robbery conviction and reversed the conviction of armed criminal action. *State v. Cook,* 606 S.W.2d 241 (Mo.App. 1980).

On July 24, 1987, movant filed a pro se Rule 27.26 motion, alleging his trial counsel was ineffective because he failed 1) to adequately interview or prepare two alibi witnesses, 2) to file a motion to suppress the identification testimony of prosecution witnesses, 3) to remind the court to instruct the jury to disregard an excluded state's exhibit, 4) to object to evidence of his post-arrest statements, and 5) to object to references by the prosecutor to the excluded exhibit. He also alleged prosecutorial misconduct based on the prosecutor's failure to disclose an exhibit prior to trial which had been requested in discovery. Counsel was appointed to represent movant, but no amended motion was filed. The state moved to dismiss the pro se motion. The motion court issued findings of fact and conclusions of law, denying movant's motion without an evidentiary hearing.

On appeal movant contends the motion court erred in denying his motion without an evidentiary hearing because he alleged sufficient facts not refuted by the record on the first four of his claims of ineffective assistance of counsel.

■ Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson,* 719 S.W.2d at 915.

To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987) (emphasis in original). To be entitled to an evidentiary hearing on a Rule 27.26 motion, the movant must allege facts, not conclusions, which, if true, would warrant relief; the allegations of fact must not be refuted by the record; and the matters complained of must have resulted in prejudice to the movant's defense. *Thomas v. State,* 736 S.W.2d 518, 519 (Mo.App.1987).

In what we perceive to be movant's principal claim of ineffective assistance of counsel, he alleged counsel failed to request the court to instruct the jury to disregard an exhibit of the state which had been excluded during trial. He asserted this exhibit was used to link him to the automobile used in the crime. At trial the court had agreed to give such an instruction in chambers but simply forgot to do so. On direct appeal we refused to find the trial court erred in failing to give the instruction where defense counsel failed to remind the court of the in-chambers agreement. *Cook,* 606 S.W.2d at 242.

A motion court, and this court, may proceed directly to the issue of prejudice without first determining whether counsel's conduct was deficient. *Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069; *Sanders,* 738 S.W.2d at 857; *Richardson,* 719 S.W.2d at 915–16. Accepting movant's allegations as true, movant failed to allege or to plead any facts showing he was prejudiced by counsel's failure. *See Baker v. State,* 680 S.W.2d 278, 281 (Mo.App.1984). The state had a strong case against movant. Two eye-witnesses identified movant as one of the robbers, and police officers, who pursued movant from the motel that had been robbed, arrested movant and

found $450 on him. A search of the motel room movant had fled from revealed a .22 caliber pistol hidden under the mattress, and movant made inculpatory statements after his arrest. Further, the exhibit at issue had been excluded from evidence. *Cook,* 606 S.W.2d at 242. The court did not clearly err in determining this claim did not warrant an evidentiary hearing under the *Thomas* standard. *Thomas,* 736 S.W.2d at 519.

Movant also alleged counsel failed to adequately interview and prepare two alibi witnesses, to file a timely motion to suppress identification evidence, and to object at trial to evidence of his post-arrest statements after a pre-trial motion to suppress evidence of the statements had been denied in order to preserve this issue for appeal. Assuming movant's allegations are true, he failed to plead sufficient facts, not conclusions, to support his claims. Movant admitted that counsel interviewed the alibi witnesses the day of trial and that the witnesses testified in his behalf, and he failed to allege how counsel should have prepared the witnesses. He alleged no factual basis for a motion to suppress identification evidence or an objection to evidence of his post-arrest statements. Nor did he specify what evidence should have been excluded. *See Brock v. State,* 603 S.W.2d 57, 58 (Mo.App.1980); *Tollison v. State,* 556 S.W.2d 455, 457 (Mo.App.1977). Moreover, in light of the strength of the state's case, we do not believe movant alleged sufficient facts showing a reasonable probability that, absent the alleged error, the fact finder would have had a reasonable doubt respecting guilt. These points are denied.

Movant also contends the motion court erred in failing to enter specific findings of fact and conclusions of law concerning the grounds raised in his motion.

Rule 27.26(i)[1] provided "[t]he court shall make findings of fact and conclusions of law on all issue presented, whether or not a hearing is held." If the findings and conclusions sufficiently cover all points so

1. Rule 27.26 was repealed effective January 1, 1988.

as to permit meaningful appellate review, then those findings and conclusions are sufficient. *McCoy v. State*, 610 S.W.2d 708, 709 (Mo.App.1981).

The court's finding on the claim of prosecutorial misconduct was specific and sufficient. Although the court's findings concerning movant's claims of ineffective assistance of counsel were general, we believe they were sufficient for this court to make a determination regarding the correctness of the motion court's action. *See Seltzer v. State*, 694 S.W.2d 778, 779 (Mo. App.1985).

Judgment affirmed.

CRIST, P.J. and DOWD, J., concur.