**John BARTEAU, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 55209.

Missouri Court of Appeals,
Eastern District,
Division One.

March 21, 1989.

Melvin G. Franke, Villa Ridge, Lew Kollias, John Klosterman, Columbia, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant was convicted of assault in the first degree for firing several gunshots from his automobile into a passing vehicle on the roadway. He was sentenced to twenty years' imprisonment. His conviction was upheld on appeal in *State v. Barteau,* 687 S.W.2d 573 (Mo.App.1985).

Movant asserts the trial court erred in dismissing his motion without the benefit of an evidentiary hearing on his claim of ineffective assistance of counsel. Movant claims his counsel was ineffective for failing to submit proper converse instructions to the instructions on assault in the first degree and assault in the second degree, conversing the elements of specific intent to cause serious physical injury and physical injury respectively. Movant also asserts his counsel was ineffective for failing to offer a proper instruction on assault in the third degree. Movant asserts the failure to offer these instructions prejudiced him by preventing the jury from properly considering the lesser included offenses of assault in the first degree.

■■■ In order to be entitled to an evidentiary hearing, movant must allege facts, not conclusions, which would entitle him to relief. In addition, the facts must not be refuted by the record and must have resulted in prejudice to movant. *Chapman v. State,* 720 S.W.2d 17, 18[1] (Mo.App.1986). In a claim of ineffective assistance of counsel movant must show his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and he was prejudiced thereby. *Kurtz v. State,* 645 S.W.2d 7, 8 (Mo.App.1982). Prejudice, in this context, means more than disadvantage to a party from mere trial error. "[P]rejudice of the kind that will vitiate a conviction looks to a dereliction of counsel's duty so egregious as to debase the integrity of the trial itself." *Id.* at 9[1].

■■■ We need not determine whether defense counsel's actions amounted to ineffective assistance in this case, because the record discloses movant suffered no prejudice.

The record reflects that the jury was given proper instructions on first, second, and third degree assault. Although a con-

verse instruction could have been given, it was not mandatory. *See* Missouri Bar Committee Comments on Missouri Approved Criminal Instructions, Assault, p. 11.

The last paragraph of the instructions given on first, second, and third degree assault consisted of the following:

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find defendant not guilty of that offense.

The instructions viewed as a whole contradict movant's claim of prejudice. The jury was told they alone were to decide on the weight and value of the evidence. They were further instructed if they did not believe beyond a reasonable doubt that the State had proved each element of the crime as detailed in the instructions, they had to find the defendant not guilty. The instructions that were given provided the jury with an adequate opportunity to consider whether movant was guilty of a lesser offense. *See Hanson v. State,* 684 S.W.2d 337, 342 (Mo.App.1984).

JUDGMENT AFFIRMED.

CRANDALL, P.J., and REINHARD, J., concur.