**James A. GOFORTH, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 55503.

Missouri Court of Appeals,
Eastern District,
Division One.

June 20, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1989.

Application to Transfer Denied
Sept. 12, 1989.

Barbara J. Martin, Jackson, for appellant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 29.15 motion without an evidentiary hearing. We affirm.

Movant was convicted by a jury of murder in the first degree and sentenced to life imprisonment without eligibility for probation or parole for the 1985 shooting of Ralph Teeters outside a bar in Leadington, Missouri. His conviction was affirmed in *State v. Goforth*, 736 S.W.2d 552 (Mo.App. 1987).

Movant filed his 29.15 motion on May 4, 1988, alleging ineffective assistance of counsel. His motion was amended on July 1, 1988, to add an allegation of trial court error for failure to declare a mistrial due to an altercation between defense counsel and the prosecutor. The motion court summarily dismissed the motion for failure to allege sufficient facts to show he was entitled to relief. Rule 29.15(g). Our review is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(j).

Two of the allegations movant contends entitled him to an evidentiary hearing involved an altercation at trial involving the prosecutor and defense counsel. The only reference to the incident on the record is found in the following exchange:

[DEFENSE COUNSEL]: You judge for yourselves whether this case was thoroughly investigated. You judge for yourselves—

[PROSECUTOR]: Objection again, Your Honor. If Mr. Hager—

[DEFENSE COUNSEL]: Approach the bench if you're going to—

[PROSECUTOR]: Wait a minute. That's exactly what I'm saying. If we're going to approach the bench, then let's approach the bench.

[DEFENSE COUNSEL]: Don't hold me with your hand.

THE COURT: Gentlemen, keep your hands off each other. Any more of this conduct and I'm going to hold you both in contempt and I may take a month's or so salary. I don't want to see any more of that conduct, gentlemen. If you have any objections to make approach the

bench, but I don't want to have any more of that. Now, make your objection.

[PROSECUTOR]: I understand.

Movant first contends his attorney's conduct amounted to ineffective assistance of counsel and he was prejudiced thereby. Although the occurrence was unfortunate, we need not determine whether defense counsel's part therein amounted to ineffective assistance of counsel. Movant's allegation is deficient in failing to allege facts with any degree of specificity as to how he was prejudiced by his attorney's conduct. *See Tettamble v. State,* 641 S.W.2d 446, 447[1] (Mo.App.1982). Furthermore, a review of the record does not evidence such prejudice. *See Kurtz v. State,* 645 S.W.2d 7, 9[1] (Mo.App.1982) (prejudice sufficient to vacate a conviction "looks to a dereliction of counsel's duty so egregious as to debase the integrity of the trial itself").

■ Movant contends the trial court erred in failing to declare a mistrial *sua sponte* after the altercation occurred. Because this issue could have been raised on direct appeal but was not, it may not be raised in a post-conviction motion absent rare and exceptional circumstances. *Drake v. State,* 753 S.W.2d 65, 67[5] (Mo.App.1988). We find no evidence in the record before us to indicate circumstances so exceptional that fundamental fairness demands the claim be heard; therefore, movant's claim is not cognizable under Rule 29.15.

■ In any event, "the declaration of a mistrial is a drastic remedy to be employed only in the most extraordinary of circumstances." *State v. Lloyd,* 750 S.W.2d 589, 593[6] (Mo.App.1988). We cannot say it was an abuse of the trial court's discretion to fail to grant the same in this case.

■ Movant finally alleges his counsel was ineffective in presenting no evidence on his behalf. He asserts he wanted to testify but his attorney did not let him. A complaint that an attorney failed to present evidence is insufficient to warrant an evidentiary hearing when it fails to allege such evidence was available and what it would have shown. *Frazier v. State,* 738 S.W.2d 131, 134[3] (Mo.App.1987). Movant's allegation that defense counsel did not allow him to testify is also deficient because movant fails to allege what his testimony would have been and how it would have aided him.

For all of the abovementioned reasons, we find the motion court's dismissal of movant's 29.15 motion was not clearly erroneous.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.