**Dennis Ray McGEE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 44279.**

Missouri Court of Appeals,
Western District.

Jan. 14, 1992.

John A. Klosterman, St. Louis, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before KENNEDY, P.J., and FENNER and BRECKENRIDGE, JJ.

KENNEDY, Presiding Judge.

Movant Dennis Ray McGee appeals from a judgment, after an evidentiary hearing, denying him relief on his post conviction Rule 29.15 motion. The motion seeks to vacate his 1987 conviction for first degree assault, affirmed on direct appeal in *State v. McGee*, 757 S.W.2d 321 (Mo.App.1988).

Movant pro se filed a Rule 29.15 motion. The trial court appointed an attorney for appellant, who first filed an entry of appearance and then withdrew without having filed an amended motion in movant's behalf. Mr. Nadolski was then (June 19, 1989) assigned by the State Public Defender's office to represent movant. Mr. Nadolski filed an entry of appearance but never filed an amended motion in movant's behalf. Thirty days after Mr. Nadolski's assignment, movant filed an amended pro se motion and a request for a hearing.

The trial court afterwards held an evidentiary hearing on the amended pro se motion. Mr. Nadolski represented movant in this hearing. The trial court at the conclusion of the hearing made findings of fact and conclusions of law and denied movant's motion.

■ Movant's brief filed here by his counsel raises one point—that his Rule 29.15 counsel did not file an amended motion in his behalf, as counsel is required by the rule to do. This nonfeasance of counsel entitles him, he says, to a reversal of the trial court's denial of his Rule 29.15 motion and a remand for the filing of an amended motion by his counsel and a new hearing thereon. He cites *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991), for his position. Also to be considered is *Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991). In both *Luleff* and *Sanders*, however, the trial court denied the respective movants' motions without an evidentiary hearing. The cases went off on the issue of abandonment by counsel, with the result that the respective movants had no chance to

present their claims for post conviction relief.

The case before us is unlike *Luleff* or *Sanders*. It is more like *Pollard v. State*, 807 S.W.2d 498 (Mo. banc 1991), *cert. denied,* — U.S. —, 112 S.Ct. 383, 116 L.Ed.2d 334 (1991). In *Pollard*, counsel had filed an untimely amended motion, but the trial court, as in the present case, had held an evidentiary hearing and had treated movant's Rule 29.15 motion as if it had been timely filed.

The troubling part about this case is that no amended motion was ever filed by counsel. Rule 29.15(e) requires that appointed counsel "ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence." This procedure was first specified by *State v. Stidham*, 415 S.W.2d 297 (Mo. banc 1967), under repealed Rule 27.26, predecessor to Rule 29.15. If appointed counsel follows the requirements of the rule, and files an amended motion, the court has grounds for confidence that all the prisoner's viable claims for post-conviction relief are brought together into a single, dispositive hearing. The rule does not expressly require in every case that appointed counsel file an amended motion, and it may be that counsel in this case, in compliance with the rule, ascertained that sufficient facts supporting the motion were asserted in the pro se motion, and that the movant had included therein all the grounds known to him as a basis for attacking the judgment and sentence. *Guyton v. State*, 752 S.W.2d 390, 392 (Mo.App.1988); *Eggers v. State*, 734 S.W.2d 300, 303 (Mo.App.1987). There is no allegation that counsel did not do so. There is furthermore no allegation, either in the court below or in this court, that the pro se motion omitted any viable ground for relief from his conviction, or that counsel could have improved upon movant's pro se statement of facts supporting the grounds for relief. Furthermore, movant was given every opportunity in the evidentiary hearing, both by the court and by counsel, to state any additional grounds for relief. In view of the plenary evidentia-

ry hearing, we find no prejudice to the movant in the failure of his appointed counsel to file an amended motion in movant's behalf. *See Pollard v. State, supra; Woolsey v. State*, 738 S.W.2d 483 (Mo.App. 1987).

 Movant himself has added several "Points Relied On" to the brief filed in his behalf by counsel. Where a litigant is represented by counsel, our local court rule (Western District Court of Appeals Special Rule XVI) does not allow the filing of a pro se brief, and movant's attempt at circumvention of that rule in this way will not gain him a review of his pro se points.

Judgment affirmed denying movant's Rule 29.15 motion.

All concur.