**Roger BROWN, Movant/Appellant,**

v.

**STATE of Missouri, Plaintiff/Respondent.**

**No. 64233.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 7, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 11, 1994.

Application to Transfer Denied
Sept. 20, 1994.

David C. Hemingway, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Movant appeals after the denial of his Rule 27.26 motion [1] without an evidentiary hearing. We affirm in part and reverse and remand for an evidentiary hearing.

Movant was found guilty by a jury in two separate trials. In the first trial (Trial 1), which began on March 17, 1986, movant was convicted of unlawful use of a weapon, § 571.030, RSMo Supp. 1984, and escape from confinement, § 575.210, RSMo 1978. The court in Trial 1 sentenced movant as a prior and persistent offender to two consecutive terms of ten years' imprisonment. In the second trial (Trial 2), movant was convicted of first degree robbery, § 569.020, RSMo Supp.1984, and armed criminal action, § 571.015, RSMo Supp.1984. Trial 2 commenced on June 23, 1986. The court in Trial 2 sentenced movant as a prior and persistent offender to thirty years' imprisonment on each count, the terms to run consecutively to each other and consecutively to the terms imposed in Trial 1. We upheld the convictions and sentences of Trial 2 on direct appeal in *State v. Brown,* 735 S.W.2d 152 (Mo. App.1987).

On May 7, 1985, movant shot victim with a gun and stole victim's money and pickup truck. *Id.* at 153. Movant was jailed in the City of St. Louis pending trial. On June 16, 1985, movant was arrested for carrying a concealed weapon. While in the custody of the Sheriff, movant escaped, and was immediately recaptured. A thirteen count indictment was filed based on charges arising out of the robbery, the arrest while carrying a concealed weapon, the escape and other incidents. By agreement of the parties, one count of unlawful use of a weapon and one count of escape were severed and tried separately (Trial 1). Subsequently, the robbery and armed criminal action counts were also severed and tried separately (Trial 2).

On December 28, 1987, movant filed two *pro se* Rule 27.26 motions, challenging the convictions and sentences in both trials. The circuit court joined the two motions into a single cause of action, counsel was appointed and an amended post-conviction motion filed. On May 16, 1989, the prosecutor filed a motion to dismiss the amended motion. On February 4, 1993, the circuit court set the

---

1. Rule 27.26 has been repealed (effective January 1, 1988). Under Rule 27.26, a defendant could not seek post-conviction relief until the direct appeal of his conviction was complete. Rule 27.26(b)(2). Post-conviction motions filed prior to January 1, 1988 continue to be governed by Rule 27.26. Rule 29.15(m).

case for an evidentiary hearing, but then sustained the motion to dismiss. On April 1, 1993, the circuit court vacated its order of February 22, 1993, and took the case under submission. On May 28, 1993, the circuit court denied post-conviction relief.

■ Our review of a Rule 27.26 motion is limited to determining whether the circuit court's findings of fact and conclusions of law are clearly erroneous. Rule 27.26(j); *Cook v. State*, 752 S.W.2d 483, 484 (Mo.App.1988). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with the definite and firm impression that a mistake has been made. *Id.* In order to be entitled to an evidentiary hearing: (1) movant must allege facts, not conclusions which, if true, would entitle movant to relief; (2) the factual allegations must not be refuted by the record; and (3) the matters complained of must prejudice the movant. *Thomas v. State*, 736 S.W.2d 518, 519 (Mo. App.1987).

■ Movant did not testify in either trial. On appeal, movant principally contends that the motion court erred in failing to hold an evidentiary hearing on his allegation that trial counsel refused to allow him to testify at either trial. He also argues the motion court erred in finding that movant's amended motion only applied to Trial 1.

> In his amended motion, movant contended: Movant was wrongfully convicted of unlawful use of a weapon and escape from confinement in that movant was denied effective assistance of counsel. Trial counsel ... failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under the same or similar circumstances and movant was prejudiced by counsel's actions.
>
> \*   \*   \*   \*   \*   \*
>
> Trial counsel was ineffective in that he refused to allow movant to testify on his own behalf. The decision whether to testify or not is solely that of the movant. Movant was prejudiced by the denial of this right to testify and the opportunity to deny his possession of a gun and to tell of his beatings [at the hands of the police].

Had movant testified, the reasonable probability exists that he would have been acquitted. (Citations omitted).

■ An issue not raised in a post-conviction motion and not presented to the lower court for determination will not be reviewed by the appellate court. *Davis v. State*, 680 S.W.2d 324, 326 (Mo.App.1984). We recognize that allegations subject to differing interpretations must be considered in the light most favorable to the pleader. *Ray v. State*, 644 S.W.2d 663, 667 (Mo.App.1982). However, even construing the allegation in question liberally, we cannot conclude it applies to Trial 2. A procedural defect bars review of even a constitutional claim in a post-conviction proceeding. *Benson v. State*, 611 S.W.2d 538, 541 (Mo.App.1980). Thus, any claim that this issue applied to Trial 2 is without merit.

■ However, movant's contention (as applied to Trial 1) that the motion court clearly erred in denying an evidentiary hearing on his claim that defense counsel refused to let him testify has merit. The authority to make certain fundamental decisions in a case rests with the movant. *State v. Johnson*, 714 S.W.2d 752, 766 (Mo.App.1986). These include whether to plead guilty, waive a jury, take an appeal, or take the stand to testify. *Id.* An attorney's refusal to let a movant testify would warrant relief in a post-conviction proceeding. There is nothing in the record which refutes movant's allegation on this issue. Consequently, we remand to the circuit court for an evidentiary hearing on this point.

Movant's other points are without merit.

We affirm in part and reverse and remand for an evidentiary hearing.

CRANDALL, P.J., and CRIST, J., concur.