STATE of Missouri, Respondent,

v.

Michael SMITH, Appellant.

Michael SMITH, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 63422, 64981 and 65011.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 1, 1994.

S. Paige Canfield, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Defendant Michael Smith appeals convictions of four counts of robbery in the second degree, in violation of § 569.030 RSMo 1986, after guilty verdicts and sentencing by the court as a Class X offender. In addition, defendant appeals the denial of his Rule 29.15 motion for post conviction relief, after an evidentiary hearing. We have consolidated defendant's appeals. Rule 29.15(*l*). We affirm.

The evidence adduced at trial, in the light most favorable to the verdict, is as follows. The Count I incident occurred at approximately 1:30 a.m. on October 6, 1991. Gloria Williams and her daughter Terri Williams arrived at Terri's home at 1201 Euclid and were bringing Terri's children from the car into the house. Gloria returned to the car by herself to shut its doors. When she reached the car, defendant hit her from behind and knocked her down on the concrete. He wrestled Gloria's purse away from her and fled.

. The Williamses immediately notified police of the attack. When they arrived, Terri provided a description of the assailant. Gloria was unable to describe him, because she did not see her attacker. On February 1, 1992, Terri identified defendant as the assailant in a photograph of a line up.

The Count II incident occurred on November 19, 1991. At approximately 9:00 p.m., Barbara Jefferson returned from a shopping trip. Barbara was ascending the stairs between the first and second floors of her apartment building at 45 Lewis Place when she felt a tug at her shoulder. After a struggle, defendant took Barbara's purse and fled. Barbara chased defendant, but he eventually got away.

Approximately one week after the robbery, defendant knocked on Barbara's door and asked for someone. Barbara recognized him as her assailant and shut the door. A few weeks later, defendant returned and asked for Donald Suggs, a man whom Barbara was dating at the time and whose credit card was in her purse when it was stolen.

In the Count III incident, Tywanna Williams was robbed as she was getting into her car outside her home at 4517 Lewis Place. At approximately 4:00 p.m. on January 19, 1992, Tywanna went outside to warm

up her car, a 1976 Chevy Impala. She encountered difficulty unlocking the doors of the car. As she struggled with the locks, defendant approached her from across the street, grabbed her from behind, and took her purse and car keys. He then said, "This is a holdup," and told her that he had a gun. Defendant then started the car and drove away with Tywanna's purse.

On the next day, January 20, 1992, Tywanna and her husband Wiley saw their stolen car parked on the side of the street unattended on Page and Hodiamont. They used an extra set of keys to recover their car. On January 21, 1992, they were driving the Impala north on Marcus, when defendant saw them and began to flag them down. As the car passed defendant on the passenger side where Tywanna was sitting, she recognized the flagger as her assailant two days earlier. Defendant then fled.

The Count IV incident occurred on January 27, 1992. Michelle Foster was getting out of her car with her two-year-old daughter in front of her home at 5151 Miami. She noticed defendant walking west down the same side of the street. Moments later, she noticed defendant had turned around and was standing approximately one foot away from her. Defendant then ripped a gold chain from Michelle's neck. During the struggle, defendant knocked Michelle down. Defendant fled with Michelle's purse and a gold medallion that had been on the chain.

At 8:00 a.m. the following day, Michelle received a phone call from defendant, who identified himself as Jimmy Johnson. Defendant told Michelle that he had found her purse in his garbage and wanted a reward for returning it to her. Michelle said that she could not offer him anything but perhaps her father could offer something in exchange for the purse. Five minutes after the first call, defendant called back, again inquiring about the reward. Later that morning, Michelle's father and brother went to the address that defendant had provided over the phone, 4744 Vernon. Defendant answered the door, told the men that he was Jimmy Johnson, and told them to wait in their car until his mother left. After a woman left a few minutes later, Michelle's father and

brother were admitted to the residence. Michelle's father gave defendant five dollars in exchange for the purse. Money was missing from the purse, and the medallion was not recovered.

Defendant was arrested at his home at 4744 Vernon in connection with these charges on January 28, 1992. On February 27, 1992, the grand jury indicted him on four counts of robbery in the second degree, violations of § 569.030 RSMo 1986. Defendant was also charged as a prior and persistent offender under §§ 558.016 and 557.036.4 RSMo 1986. On July 15, 1992, defendant made a motion for severance of offenses, which the court overruled. At the close of the evidence, instructions, and arguments of counsel, the jury returned a verdict of guilty on all four counts. On January 22, 1993, defendant was sentenced as a Class X offender to a twenty-year term of imprisonment on each of the four counts, to be served concurrently.

In addition to his direct appeal, defendant filed a *pro se* motion for post conviction relief pursuant to Rule 29.15. Appointed counsel then filed an amended motion, alleging ineffective assistance of counsel. An evidentiary hearing was held, and the motion court issued findings of fact and conclusions of law on October 7, 1993, denying defendant's 29.15 motion. This consolidated appeal follows. We affirm.

Defendant's first point on appeal is the trial court erred in overruling his motion for severance of counts and for a separate trial with respect to each particular victim. In support of this, defendant argues there were four separate and dissimilar incidents and the volume and complexity of the evidence necessarily affected the jury's deliberation and substantially prejudiced defendant.

■ Before we address whether it was error to deny defendant's motion, we must first determine whether joinder was proper. Joinder is either proper or improper under the law, while severance is within the trial court's discretion. *State v. Olds*, 831 S.W.2d 713, 718 (Mo.App.E.D.1992). Joinder addresses the issue of what crimes can be charged in a single proceeding, whereas sev-

erance assumes proper joinder and leaves to the trial court's discretion the determination of whether prejudice may or would result if charges properly joined were tried together. *Id.*

Section 545.140.2 RSMo 1986, which governs joinder, reads in part, "Notwithstanding Missouri supreme court rule 24.07, two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or infractions, or any combination thereof, are of the same or similar character. . . ." In addition, Supreme Court Rule 23.05 governs joinder and reads in part as follows: "All offenses that are of the same or similar character . . . may be charged in the same indictment or information in separate counts."

■ In a criminal case, a defendant does not have a state or federal constitutional right to be tried on only one offense at a time. *Olds,* 831 S.W.2d at 718. Liberal joinder of criminal offenses is favored to achieve judicial economy. *Id.* We consider only the state's evidence in determining whether joinder was proper. *Id.* For joinder to be proper, the manner in which the crimes were committed should be so similar it is likely the same person committed all the charged offenses. *Id.* at 718–19. Similar tactics are sufficient to constitute acts of the same or similar character under § 545.140.2 RSMo 1986. *Id.* at 719. However, identical tactics are not required. *Id.*

■ The acts committed by defendant Smith against the victims are clearly of the "same or similar character." The four robberies occurred within a four-month period in a relatively small area of the City of St. Louis. All of the victims were women who were robbed while they were alone or with small children. Three of the victims saw defendant approaching on foot immediately before they were robbed. All of the victims were approached outside their homes and from behind—three as they were getting into or out of their cars and one while she ascended an exterior stairway leading to her apartment.

Each victim was preoccupied or otherwise vulnerable when she was attacked. Gloria Williams was taking a child from the car to the house, Barbara Jefferson and Michelle Foster were carrying grocery bags, and Tywanna Williams was struggling with the lock on her car door. In each instance, defendant stole the victim's purse and aggressively pursued the valuables, scuffling with the women if they resisted.

In three out of the four instances, defendant had subsequent contact with the victims. Defendant came to Barbara Jefferson's home twice after he robbed her. The day after he robbed Michelle Foster, defendant telephoned her to inform her that he had "found" her purse and to inquire about a reward. Finally, defendant flagged down Tywanna and Wiley Williams the day after they retrieved their stolen car but fled after Tywanna recognized him.

Although not identical, the tactics used and the choice of victims make it likely the same person committed all four crimes. We find the incidents were sufficiently similar to allow joinder.

Because we have determined joinder was proper, our next inquiry involves a determination of whether the trial court erred in not severing the offenses. Severance is governed by § 545.885.2 RSMo 1986 and Supreme Court Rule 24.07. Section 545.885 RSMo 1986 reads as follows:

If it appears that a defendant or the state is substantially prejudiced by a joinder of the offenses for trial, upon a written motion of the defendant or the state and upon a particularized showing of substantial prejudice, the court may grant a severance of offenses or provide whatever relief justice requires. For purposes of this section, "substantial prejudice" shall mean a bias or discrimination against the defendant or the state which is actually existing or real and not one which is merely imaginary, illusionary or nominal.

Rule 24.07 provides as follows:

When a defendant is charged with more than one offense in the same indictment or information, the offenses shall be tried jointly unless the court orders an offense

to be tried separately. An offense shall be ordered to be tried separately only if:

(a) A party files a written motion requesting a separate trial of the offense;

(b) A party makes a particularized showing of substantial prejudice if the offense is not tried separately; and

(c) The court finds the existence of a bias or discrimination against the party that requires a separate trial of the offense.

■ When, as here, offenses are properly joined, we reverse the denial of a severance motion only on (1) a showing of an abuse of discretion and (2) a clear showing of prejudice. *Olds,* 831 S.W.2d at 719. In determining whether to grant a motion to sever, the trial court weighs the benefits of trying the offenses simultaneously and thereby saving judicial time against the potential prejudice to defendant. *Id.* The factors the court will consider in determining prejudice are the number of offenses charged, the complexity of the evidence, and whether the trier of fact will be able to distinguish the evidence and apply the law intelligently to each offense. *Id.*

■ In this case, there were only four incidents and four corresponding counts of robbery in the second degree. The facts of each incident were simple and distinct. The state's evidence consisted primarily of testimony from the victims and witnesses to the crimes and police testimony regarding the course of the investigation. Although there was abundant evidence against defendant to support each charge, it was not so complex that the jury would be unable to distinguish one incident from another.

The state presented each case succinctly, so that the timing of the robberies and surrounding events was easy to follow. It presented the witnesses in reverse chronological order, so that the jury could follow the timing of the incidents. The jury was read MAI–CR3d 304.12, which instructed them to consider each offense separately. In addition, defendant has not articulated any reason nor is there anything in the record to indicate the jury was unable to distinguish the evidence or apply the law to each offense.

We find defendant has failed to carry his burden to show clearly prejudice resulted. Thus the trial court did not abuse its discretion in overruling defendant's motion for severance. Defendant's first point is denied.

■ In his second point, defendant claims the motion court clearly erred in denying his Rule 29.15 motion after an evidentiary hearing. Defendant argues counsel was ineffective for failing to submit MAI–CR3d 310.10 as part of the jury instructions. However, defendant concedes he failed to raise this issue at the hearing. Failure to present evidence on an ineffective assistance of counsel claim constitutes abandonment of that claim. *State v. Boone,* 869 S.W.2d 70, 78 (Mo.App.W.D.1993). The court cannot be found to have committed error in refusing to grant relief on an issue not presented during the hearing. *Id.*; *Young v. State,* 761 S.W.2d 725, 726–27 (Mo.App.1988). Point denied.

Defendant's third claim of error concerns the reasonable doubt instruction. This matter has been consistently rejected on the authority of *State v. Griffin,* 848 S.W.2d 464 (Mo. banc 1993).

Defendant's fourth and fifth points are *pro se* arguments that defendant added to the points presented by appellate counsel for consideration. Defendant claims (1) the motion court's findings of fact and conclusions of law are clearly erroneous, because defendant's trial counsel did not testify at the evidentiary hearing, and (2) defendant's post conviction counsel was ineffective for failing to call trial counsel to testify at the evidentiary hearing.

■ The Eastern District Court of Appeals Special Rule K.01 addresses the issue of *pro se* briefs: "In any case where a party is represented by appointed or retained counsel, the Clerk shall not accept for filing any pro se briefs, pleadings, or other papers." In *McGee v. State,* 821 S.W.2d 897 (Mo.App.1992), the Western District Court of Appeals, which has an identical special rule, addressed the issue of additional *pro se* points in a brief filed on defendant's behalf by counsel. The court stated, "Where a litigant is represented by counsel, our local court rule (Western District Court of Ap-

peals Special Rule XVI) does not allow the filing of a pro se brief, and movant's attempt at circumvention of that rule in this way will not gain him a review of his pro se points." *Id.* at 898. Here, defendant's *pro se* arguments are similarly prohibited by Special Rule K.01. Moreover, they are without merit. Rule 29.15 does not apply to conduct of post conviction counsel, and the findings complied with the rule.

The judgment is affirmed.

AHRENS, P.J., and SIMON, J., concur.