STATE of Missouri, Respondent,

v.

Charles R. HURT, Appellant.

No. WD 51914.

Missouri Court of Appeals,
Western District.

Oct. 15, 1996.

Emmett D. Queener, Asst. Public Defender, Columbia, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

SPINDEN, Judge.

While serving a life sentence at the Jefferson City Correctional Center, Charles Hurt received marijuana from a visitor. He was later convicted of possession of a controlled substance on the premises of a correctional facility in violation of § 217.360.1(1), RSMo 1994. On appeal, he challenges the circuit

court's overruling his *pro se* motion for a continuance. We affirm.

A jury convicted Hurt of receiving marijuana from a visitor. The circuit court sentenced him to three years in prison, to be served consecutively to his previously imposed terms of imprisonment. Hurt filed his notice of appeal on October 30, 1995.

■ At issue in this case is whether a trial court is required to consider a *pro se* motion filed by a defendant in a case where the defendant is represented by counsel. Hurt contends that the trial court clearly erred and abused its discretion in overruling his request for a continuance and complains that the court failed even to consider his motion. He complains that his trial counsel did not talk to him until four days before the trial and refused to investigate witnesses because it was too late to do so. He claims that he was prejudiced because he needed additional time to prepare his defense and was prevented from investigating exculpatory information material to his case.

■ Trial counsel is vested with wide latitude in defending a client and is entitled to use his or her best judgment in matters regarding trial strategy. *State v. Williamson*, 877 S.W.2d 258, 262 (Mo.App.1994). "A client is bound by the decisions of counsel as to the management of the trial and as to stipulations which give effect to that strategy." *State v. Johnson*, 829 S.W.2d 630, 633 (Mo.App.1992). While certain fundamental decisions in a case—whether or not to plead guilty, waive a jury, testify, or appeal—repose with the accused, other decisions that an attorney must make during the course of a trial are for the attorney alone, even without the advice or consultation of the client. *State v. Johnson*, 714 S.W.2d 752, 766 (Mo. App.1986).

■ Whether a defendant who is represented by counsel may participate in his own trial is a matter within the discretion of the trial court. *State v. Turner*, 623 S.W.2d 4, 12 (Mo. banc 1981), *cert. denied*, 456 U.S. 931, 102 S.Ct. 1982, 72 L.Ed.2d 448 (1982). However, a defendant has no right to proceed both *pro se* and through counsel. *State v. Harris*, 669 S.W.2d 579, 582 (Mo.App.1984).

In this case, whether to request a continuance was the defense counsel's decision, and Hurt's attorney did not seek a continuance. He did not file a motion for a continuance, nor did he join in Hurt's request for a continuance. Nor was this matter presented in the motion for new trial filed by Hurt's attorney.

The issue of whether a trial court commits err by failing to consider a defendant's *pro se* motions when he is represented by counsel was briefly addressed by this court in *Lewis v. State*, 767 S.W.2d 49, 52 (Mo.App.1989). In that case, the defendant filed a *pro se* motion although he was represented by counsel. On appeal, he complained that the trial court took no action on his motion. This court held that the trial court did not err in failing to consider the *pro se* motion because the defendant was still represented by counsel when he filed the motion and he had no right to proceed both *pro se* and through counsel. *Id.*

Similarly, in *McGee v. State*, 821 S.W.2d 897, 898 (Mo.App.1992), this court declined to consider additional issues which a defendant who was represented by counsel attempted to present *pro se* in his post-conviction appeal. In declining review of the *pro se* points, this court noted that its Rule XVI does not allow the filing of a *pro se* brief where a party is represented by counsel. *Id.*

In this case, Hurt filed his *pro se* request for a continuance while he was represented by counsel. Because he had no right to proceed *pro se* while represented by counsel, we conclude that the trial court was not required to consider his *pro se* request for a continuance.

■ Hurt's complaint that his attorney did not adequately investigate his case raises an issue of ineffective assistance of counsel. A claim of ineffective assistance of counsel cannot be raised on direct appeal. *State v. Kezer*, 918 S.W.2d 874, 877 (Mo.App.1996). The exclusive remedy for such a claim is a motion for post-conviction relief under Rule 29.15. *Id.* The record does not reflect that Hurt filed a motion for post-conviction relief; therefore, to the extent that he complains about his attorney's performance, his claim is not cognizable on direct appeal.

Even if Hurt's attorney had requested a continuance based on his alleged lack of preparation, the circuit court would not have abused its discretion by denying the request because lack of preparation is not a valid ground for granting a continuance when counsel had adequate time to prepare. *See State v. Schaal*, 806 S.W.2d 659, 666 (Mo. banc 1991), *cert. denied*, 502 U.S. 1075, 112 S.Ct. 976, 117 L.Ed.2d 140 (1992). Here, the record shows that defense counsel entered his appearance on March 15, 1995, and the trial did not begin until June 7, 1995. In the absence of a showing of special circumstances, we conclude that defense counsel had adequate time to prepare for trial.

For the foregoing reasons, we conclude that the trial court did not err and abuse its discretion in denying Hurt's *pro se* request for a continuance when he was represented by counsel.

ULRICH, C.J., P.J., and SMITH, J., concur.