**STATE of Missouri, Respondent,**

v.

**Jon A. HISE, Appellant.**

**No. 22005.**

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 19, 1998.

Amy M. Bartholow, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

Appellant, tried as a prior offender, § 558.016.2,[1] was found guilty by a jury of the class C felony of assault in the second degree. § 565.060. The trial court sentenced Appellant to seven years' imprisonment.

Appellant maintains the trial court committed two plain errors warranting reversal: (1) the trial court failed to instruct the jury, *sua sponte,* on assault in the third degree, and (2) the trial court gave the jury an instruction patterned on MAI–CR 3d 302.04 regarding proof beyond a reasonable doubt.

Appellant does not challenge the sufficiency of the proof to support the verdict, hence this opinion need not recount the evidence in detail. It is sufficient to state that Defendant hit the victim—a woman—on her head

---

1. References to statutes are to RSMo 1994.

with a "Bud Ice" beer bottle, shattering the bottle. An ambulance took the victim from the tavern where the attack occurred to a hospital. The victim had lacerations and a bump on her head. Glass was embedded in her scalp. The victim testified:

"I had headaches for about two months and the place on the back of my head here was very tender for quite sometime after that. I had trouble in brushing my hair and ... I picked glass out of my hair and my head for two weeks.... Every time a piece of glass would come out it would bleed."

During the instructions conference, Rule 28.02(c),[2] the trial court asked Appellant's lawyer ("Defense Counsel") whether he had conferred with Appellant about an instruction on assault in the third degree.[3]

Defense Counsel replied:

"My client is requesting that that instruction not be submitted to the jury at this time. I did advise him, Judge, that I believe that it would be appropriate [for] ... the jury [to] be given an instruction of a lesser included offense of assault in the third degree. I also advised him of the effect it may have on jury deliberation as best as we could call. Based on that, Judge, based on the elements charged by the State and the proof given so far, my client has selected not to have that submitted. However, I would request that the court reiterate that to him and make sure that he understood what's going on here."

The trial court thereupon told Appellant (an attendee at the instructions conference) that if Defense Counsel requested an instruction on assault in the third degree, the court would give it. The court explained to Appellant that such an instruction "would provide the jury the opportunity of going down to assault third, a class A misdemeanor."

Appellant asked for time to consider the subject further with Defense Counsel. The trial court granted the request.

After an interval, the duration of which is unrevealed by the record, the trial court addressed Defense Counsel:

"You've had a chance to confer with your client again regarding the potential for offering assault third instruction. Does your client desire to offer same?"

Defense Counsel responded:

"No, sir, Judge, he does not.... We do have an instruction numbered, Judge, that has been gone over with the Defendant which refers to that assault third, if you want to mark it somehow to indicate that that was the instruction potentially that the court would have given on the assault third had the Defendant elected to do that."

The instruction referred to by Defense Counsel was marked Instruction "D." Had it been given, it would have told the jurors that if they did not find Appellant guilty of assault in the second degree, they must consider whether he is guilty of assault in the third degree. To find Appellant guilty of the latter crime, Instruction "D" would have required the jurors to find beyond a reasonable doubt that Appellant "recklessly caused physical injury to [the victim] by striking her with a beer bottle."

■ Appellant tacitly concedes—and the record confirms—that he registered no objection to the trial court's failure to give Instruction "D" before the jury retired to consider its verdict, hence his first claim of error is not preserved for review. Rule 28.03; *State v. Brisco*, 934 S.W.2d 335, 336–37[1] (Mo.App. W.D.1996). Consequently, Appellant seeks plain error review under Rule 30.20. He supports his request by proclaiming: "[T]he failure to give the instruction was included in [my] *pro se* motion for new trial."[4]

The only reference to an instruction on a lesser offense in Appellant's pro se motion is:

---

2. References to rules are to Missouri Rules of Criminal Procedure (1997).

3. Assault in the third degree, § 565.070, is a misdemeanor.

4. Defense Counsel filed a motion for new trial on Appellant's behalf. Defense Counsel's motion did not mention Instruction "D." A few days after Defense Counsel's motion was filed, Appellant filed a pro se motion for new trial.

"The trial court erred by not instructing the jury that they could convict the defendant of a lesser offense."

■ Averments in motions for new trial similar to the one above have been held insufficient to preserve anything for appellate review. In *State v. Luttrell*, 366 S.W.2d 453, 459 (Mo.1963), the accused's motion for new trial averred the court erred in refusing to instruct on manslaughter, that such an instruction was requested and refused, and that the facts warranted such instruction. The Supreme Court of Missouri held the assignment of error insufficient in that it did not set forth in detail and with particularity the facts warranting such an instruction. *Id.* In *State v. Hickman*, 411 S.W.2d 195, 197 (Mo.1967), the accused's motion for new trial averred the court erred in giving a certain instruction at the State's request. The Supreme Court of Missouri held that because the assignment of error stated no reason why the instruction was erroneous, it preserved nothing for review. *Id.*

Other cases where nonspecific complaints in motions for new trial regarding instructions have been held insufficient to preserve anything for appellate review include *State v. Moriarty*, 914 S.W.2d 416, 420–21 (Mo.App. W.D.1996), and *State v. Swederska*, 802 S.W.2d 183, 187 n. 5 (Mo.App. E.D.1991).

The excerpt from Appellant's pro se motion for new trial, quoted earlier, does not identify the "lesser offense" as to which the trial court allegedly should have instructed the jury, makes no reference to Instruction "D," and sets forth no facts warranting that instruction. Consistent with *Luttrell, Hickman, Moriarty* and *Swederska*, this court rejects Appellant's declaration that the trial court's failure to give Instruction "D" was "included" in Appellant's pro se motion for new trial.

■ Appellant maintains this court should grant plain error review because, according to him, the trial court's failure to give Instruction "D" resulted in manifest injustice and a miscarriage of justice. Appellant's hypothesis, as this court divines it, is that issues relating to an accused's defense are trial strategy decisions to be made by the accused's lawyer. Appellant avouches: "It was not a matter of trial strategy to exclude the instruction, because Defense Counsel believed that the instruction was appropriate, and excluding it actually went against Defense Counsel's trial strategy."

Having studied Defense Counsel's argument to the jury, this court is unconvinced that the decision to withhold Instruction "D" from the jury "went against Defense Counsel's trial strategy."

One of the issues argued to the jury by Defense Counsel was that the State presented no proof that the bottle with which Appellant struck the victim was a dangerous instrument as defined in the verdict-directing instruction on assault in the second degree.

Another issue argued to the jury by Defense Counsel was that the evidence failed to show Appellant knowingly caused physical injury to the victim, an element hypothesized in the verdict-directing instruction on assault in the second degree.

Had Defense Counsel convinced the jury that the evidence failed to establish either of the two propositions above, the jury would have been obliged to acquit Appellant. However, had Instruction "D" been given, the jury could have found Appellant guilty of assault in the third degree without finding the bottle was a dangerous instrument and without finding Appellant knowingly caused physical injury to the victim, as Instruction "D" hypothesized only that Appellant recklessly caused physical injury to the victim.

This court also disagrees with Appellant's premise that the decision on whether to request an instruction on a lesser included offense is always a trial strategy decision to be made by an accused's lawyer.

■ The authority to make certain fundamental decisions in a criminal case rests with the accused. *State v. Hurt*, 931 S.W.2d 213, 214[4] (Mo.App. W.D.1996); *Brown v. State*, 882 S.W.2d 154, 156[9] (Mo.App. E.D. 1994). Those decisions include whether to plead guilty, waive a jury, testify, and appeal. *Hurt*, 931 S.W.2d at 214[4]; *Brown*, 882 S.W.2d at 156[9]. That does not mean an accused has no right to make decisions on other important issues during his trial.

Here, as in many criminal cases, the decision on whether to request an instruction on a lesser included offense was an important one. Without Instruction "D," the jury had only two choices: convict Appellant of assault in the second degree or find him not guilty. Had the jurors found the evidence insufficient to convince them beyond a reasonable doubt that Appellant was guilty of assault in the second degree, they would have been compelled to acquit him. Had Instruction "D" been given, the jurors could have convicted Appellant of assault in the third degree despite finding the evidence insufficient to establish his guilt of assault in the second degree.

The record demonstrates Appellant and Defense Counsel recognized the decision about Instruction "D" was important. Defense Counsel's remarks to the trial court reveal he had advised Appellant that an instruction on assault in the third degree would be appropriate, and had also advised Appellant about the effect such an instruction might have "on jury deliberation." Nothing Defense Counsel told the court indicates any disagreement between Defense Counsel and Appellant on whether to request Instruction "D."

Instead, Defense Counsel's remarks show careful consideration by lawyer and client about an important tactical choice, with the client ultimately making the decision after receiving the lawyer's advice. Nothing said by Defense Counsel suggests he believed requesting Instruction "D" would have been better strategy than withholding it. Thus, the trial court did not have to resolve a conflict between Defense Counsel and Appellant on that subject.

Defense Counsel's request that Instruction "D" be included in the record appears to be nothing more than a precaution to protect himself against the possibility of a later complaint by Appellant that Defense Counsel rendered ineffective assistance in failing to prepare an instruction on assault in the third degree for Appellant's consideration and failing to advise Appellant about the tactical consequences of requesting or withholding it.

�justify ■ An accused is entitled to plain error relief for instructional error only if the trial court so misdirected or failed to instruct the jury as to cause manifest injustice or miscarriage of justice. *State v. Fowler,* 938 S.W.2d 894, 898[9] (Mo. banc 1997). As explained there:

"Part of the rationale for the rule that requires a defendant to request a lesser included instruction before the defendant can complain that the instruction was not given is related to trial strategy. It is often a matter of strategy as to whether or not to request a lesser included offense instruction. A tactical decision not to request the lesser included offense instruction is based upon the belief that the jury may convict of the lesser offense if it is submitted, but the jury may not convict the defendant of any crime if the lesser offense is not submitted."

The above analysis fits here. As recounted earlier, the record in the instant case demonstrates Appellant, after conferring with Defense Counsel, made a tactical decision to withhold Instruction "D," a decision Defense Counsel did not oppugn. As aptly observed by the State: "For the trial court to have submitted the instruction for third degree assault against this appellant's clear wishes would have been an egregious and gratuitous interference with the appellant's trial strategy."

■ Unless a claim of plain error facially establishes substantial grounds for believing manifest injustice or miscarriage of justice has resulted, an appellate court will decline to exercise its discretion to review for plain error under Rule 30.20. *State v. Brown,* 902 S.W.2d 278, 284[2] (Mo. banc 1995), *cert. denied,* 516 U.S. 1031, 116 S.Ct. 679, 133 L.Ed.2d 527 (1995).

The strategy inherent in Appellant's decision to withhold Instruction "D," coupled with the theory of Defense Counsel's argument to the jury that the evidence failed to establish two elements of assault in the second degree beyond a reasonable doubt, demonstrates no manifest injustice or miscarriage of justice resulted from the trial court's failure, *sua sponte,* to give Instruction "D." Appellant's first point is denied.

Appellant's second (and final) point attacks an instruction given by the trial court patterned on MAI–CR 3d 302.04. The instruction defined proof beyond a reasonable doubt as proof "that leaves you firmly convinced of the defendant's guilt." Appellant maintains the instruction "dilutes the State's burden of proof."

Identical attacks on MAI–CR 3d 302.04 have been repeatedly rejected by the Supreme Court of Missouri. *State v. Harris,* 870 S.W.2d 798, 811[28] (Mo. banc 1994), *cert. denied,* 513 U.S. 953, 115 S.Ct. 371, 130 L.Ed.2d 323 (1994), and cases cited there. Appellant's second point is denied.

Judgment affirmed.

PREWITT, P.J., concurs.

PARRISH, J., concurs in result as to Point I, concurs as to Point II, and files concurring opinion.

PARRISH, Judge, concurring.

I concur in the result reached as to Point I and concur in the principal opinion's treatment of Point II.

I would not grant plain error review as to the issue raised in Point I, failure to instruct on assault in the third degree as a lesser included offense. Appellant thoroughly considered whether he wished to request the trial court to give the instruction. He discussed the matter with his trial attorney. He chose not to request the instruction even though the trial court indicated a willingness to give it if appellant so requested. Enough said!

Plain error review should be used sparingly. *State v. Silvey,* 894 S.W.2d 662, 670 (Mo. banc 1995); *State v. Valentine,* 646 S.W.2d 729, 731 (Mo.1983). Appellant's request for this court to address the matter he sets forth in Point I is an affront to the efficient administration of justice. The circumstances of this case suggest no possibility of manifest injustice or miscarriage of justice with respect to Point I. *See* Rule 30.20.