Sonnie K. JOHNSON, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 27601.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 29, 2006.

Kent Denzel, Columbia, MO, for appellant's.

Stephanie Morrell, Jefferson City, MO, for Respondent's.

JEFFREY W. BATES, Chief Judge.

Sonnie K. Johnson (Johnson) appeals from an order denying his Rule 24.035 motion for post-conviction relief.[1] Because the trial court failed to issue findings of fact and conclusions of law concerning four of Johnson's seven claims for relief, we are unable to engage in meaningful appellate review. Therefore, the case must be reversed and remanded.

## I. Factual and Procedural Background

In early 2004, Johnson was charged by felony information with committing domestic assault in the second degree in violation of § 565.073 (the assault case). In a separate case, Johnson was charged by felony information with committing the crime of possession of a controlled substance in violation of § 195.202 (the possession case). In May 2004, the State filed an amended felony information in the possession case alleging that Johnson was a prior and persistent offender.

Johnson decided to plead guilty in both cases, so a combined plea hearing was held in June 2004. At the outset of the hearing, the court announced that Johnson intended to plead guilty in the class C felony assault case without a plea agreement. Plea counsel responded affirmatively. The court then noted that an amended information had been filed in the possession case. Plea counsel waived a formal reading of the information. When the court stated that it was Johnson's intention to plead guilty as a prior and persistent offender in the possession case without a plea agreement, however, Johnson immediately said, "Huh uh, huh uh." After an off-the-record discussion between Johnson and his attorney, plea counsel answered the court's question affirmatively. Thereafter, the court questioned Johnson at length regarding his knowledge of his rights and his desire to plead guilty. At the conclusion of the court's inquiry, the prosecutor was asked to state the range of punishment for each offense and recite the factual basis for each charge. Johnson was advised that each offense was a class C felony with a maximum punishment of seven years in prison, but that he could receive up to 15

---

1. All references to rules are to Missouri Court Rules (2006). All references to statutes are to RSMo (2000).

years in prison in the possession case because he was a prior and persistent offender. The prosecutor also described the evidence that he expected to present if both of the cases went to trial. Plea counsel agreed that the State had sufficient evidence to make a submissible case as to each charge. Johnson agreed that he was pleading guilty because he did the things described in the prosecutor's factual-basis recitation. The court accepted Johnson's pleas after finding that there was a factual basis for both charges and that Johnson was entering his guilty pleas voluntarily and with an understanding of his rights. Based on evidence that Johnson had two prior felony convictions, the court also found Johnson to be a prior and persistent offender beyond a reasonable doubt.

In July 2004, the sentencing hearing was held. When the hearing commenced, plea counsel orally moved that Johnson be allowed to withdraw both of his guilty pleas. Johnson's reason for seeking to withdraw his pleas was that "[h]e did not feel he really had had time to think about the impact of the plea as a prior and persistent offender." The court denied the motion. The State recommended concurrent sentences of seven years on each count. Plea counsel asked the court to consider placing Johnson on probation. The court sentenced Johnson to serve concurrent terms of five years and denied his request for probation.

Johnson was delivered to the Department of Corrections on August 12, 2004. On January 11, 2005, Johnson timely filed a *pro se* motion for post-conviction relief pursuant to Rule 24.035 (the first motion).[2] Johnson sought to set aside his convictions and sentences because: (1) the trial court erred in not allowing him to withdraw his guilty pleas at sentencing; (2) his plea

counsel refused to withdraw after Johnson filed a complaint against him with the disciplinary counsel; and (3) his plea counsel refused to retain a forensic expert to prove his innocence and to "find out why the court accepted heresay [sic]" at the preliminary hearing in his possession case. The instruction section of this Form 40 motion advised Johnson that he was "required to include in this motion every claim known to him for vacating, setting aside or correcting the conviction and sentence or it will be waived or abandoned. Be sure to include every claim."

On January 14, 2005, the court appointed the public defender's office to represent Johnson. Cinda Eichler (post-conviction counsel) entered her appearance on behalf of Johnson on February 1, 2005. On April 13, 2005, the transcript for the plea and sentencing hearing was filed. Pursuant to Rule 24.035(g), an amended motion had to be filed within 60 days. On May 10, 2005, post-conviction counsel requested an additional 30 days to file the amended motion. As authorized by Rule 24.035(g), the motion court granted the request. Accordingly, the last date for filing an amended motion was July 12, 2005.

On May 16, 2005, Johnson filed a second *pro se* motion for post-conviction relief (the second motion) entitled "Movant's Rule 24.035 Motion Additional Claims." This motion alleged four new claims not contained in Johnson's first motion. The first sentence of the second motion stated: "**Now Comes,** Sonny K Johnson and presents the following additional claims to be incorporated into Movant's amended motion by the attorney of record, Cinda J. Eichler, Public Defender." The additional claims that Johnson sought to assert involved allegations of ineffective assistance

---

2. Johnson did not appeal his convictions, and his motion was filed within 180 days after he

was delivered to the Department of Corrections. *See* Rule 24.035(b).

**430** ■ ▬▬▬▬▬▬▬▬

of counsel in the following respects: (a) failing to advise Johnson before he pled guilty of the significance of being sentenced as a persistent offender; (b) failing to advise Johnson about the difference between a "true plea agreement" and a "non-binding recommendation [sic]" because Johnson did not understand he would not have an opportunity to withdraw his pleas once entered in the latter situation; (c) failing to prepare a written plea petition, which would have better informed Johnson as to the nature of any agreements; and (d) failing to file a written motion to withdraw the guilty pleas as he requested immediately following sentencing. Johnson signed the second motion and requested an evidentiary hearing.

On July 11, 2005, post-conviction counsel filed a statement in lieu of an amended motion pursuant to Rule 24.035(e). This statement averred that post-conviction counsel had discussed the case with Johnson by telephone and that she had reviewed relevant court documents, including "the pro se motions filed by [Johnson] on January 11, 2005 and May 16, 2005 in his postconviction case." Post-conviction counsel further averred that there were no potentially meritorious claims known to her that had been omitted from Johnson's *pro se* motions.

On November 2, 2005, the motion court held an evidentiary hearing. Before presenting any testimony, post-conviction counsel made the following statement: "I just want to note for the Court that there was no amended motion filed in this case. I did file a statement in lieu of amended motion. So the claims that we're proceeding on and that Mr. Johnson intends to testify about are the pro se claims that are contained in his motions that were filed January 11, 2005 and May 16, 2005." Johnson was the only witness to testify. Near the beginning of his testimony, post-

conviction counsel again reviewed the claims that were being adjudicated:

Q: The court file indicates that you filed your original pro se motion under Rule 24.035 in January of 2005, and then you filed some additional pro se claims in May of 2005; is that correct?

A: Yes, ma'am.

Q: Okay. And you understand that that's what we're litigating here today?

A: Yes, ma'am.

Post-conviction counsel then elicited testimony from Johnson, without any objection being interposed by the State, concerning each of the seven claims for relief contained in the first and second motion.

After Johnson rested, the State sought to call plea counsel as a witness to refute a claim by Johnson that plea counsel had advised Johnson to lie. This claim was not included in Johnson's first or second motion and had first been raised by him during his testimony at the evidentiary hearing. Since plea counsel was not then available, the court continued the evidentiary hearing. After several unsuccessful attempts to complete the hearing, the State filed a motion to dismiss that unpled claim and thereby dispense with the need for plea counsel's testimony. The court sustained the motion on February 10, 2006.

On February 27, 2006, the motion court entered an "Order Denying Form 40 Motion to Vacate." The court issued findings of fact and conclusions of law that only addressed the three claims contained in Johnson's first motion. The order provided no explanation whatsoever concerning the motion court's failure to rule on the additional claims that were contained in the second motion and addressed at the evidentiary hearing.

On appeal, Johnson requests that we reverse and remand the case with directions that the motion court issue findings and conclusions on the four claims in the second motion that were addressed at the post-conviction relief hearing, but not ruled upon by the order denying relief.

## II. Standard of Review

■ Our review of a motion court's decision on a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Barnes v. State*, 160 S.W.3d 837, 838 (Mo.App.2005). We can only find clear error if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991); *Barnes*, 160 S.W.3d at 838.

This standard of review, however, presupposes that the motion court carried out its obligation to "issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." Rule 24.035(j). "There is no ambiguity in this directive and its requirements are not a mere formality." *Burton v. State*, 895 S.W.2d 648, 649 (Mo.App.1995). Without such findings and conclusions, we are unable to engage in meaningful appellate review of the motion court's ruling. *Day v. State*, 143 S.W.3d 690, 692–93 (Mo.App. 2004); *Gaddis v. State*, 121 S.W.3d 308, 311 (Mo.App.2003). As the western district of this Court observed in *Brown v. State*, 810 S.W.2d 716 (Mo.App.1991):

A denial of a post-conviction motion supported neither by factual findings nor by legal explanation provides nothing for

appellate review. Supplying the necessary findings and conclusions by implication would constitute an improper *de novo* review on appeal. Failure to issue findings and conclusions as contemplated by Rule [24.035(j)] mandates reversal and remand.

*Id.* at 718 (citations omitted).[3]

## III. Discussion and Decision

■ In Johnson's sole point on appeal, he contends the motion court clearly erred in failing to enter specific findings of fact and conclusions of law explaining why the court denied the four additional claims included in the second motion. We agree. As noted above, Rule 24.035(j) obligates a motion court to issue findings of fact and conclusions of law on all issues presented. "Meaningful appellate review is premised upon sufficiently specific findings of fact and conclusions of law that are responsive to a movant's claims." *Ezell v. State*, 9 S.W.3d 616, 619 (Mo.App.1999). Here, the order denying Johnson's request for post-conviction relief contains findings of fact and conclusions of law that only address the claims presented in Johnson's first motion. The reasons for the denial of the four claims contained in Johnson's second motion remain a mystery because the order ignores them completely. *See State v. Deprow*, 937 S.W.2d 748, 751 (Mo.App.1997) (the absence of findings or conclusions explaining the basis for the motion court's action leaves an appellate court in the dark as to why the court so ruled). "By failing to provide any findings of fact or conclusions of law, the motion court left nothing for a meaningful appellate review." *Mitchell v. State*, 192 S.W.3d 507, 510 (Mo. App.2006).

---

3. *Barnes v. State*, 160 S.W.3d 837, 839 (Mo. App.2005), lists five exceptions to the rule requiring reversal when the motion court fails to issue the necessary findings and conclu-

sions. The State does not contend that this case falls within any exception, and our *ex gratia* review of that issue leads us to the same conclusion.

In attempting to avoid reversal, the State argues that the additional claims in Johnson's second motion were not properly before the motion court. The State advances two arguments, neither of which is persuasive.

■ In the State's first argument, it contends that Johnson did not have a right to file a second *pro se* motion because he was already represented by post-conviction counsel at that time. The State has failed to direct us to any provision in Rule 24.035, however, which prohibits a movant from filing an amended *pro se* motion. Indeed, the language of Rule 24.035(g) clearly suggests otherwise by stating that "[a]ny amended motion shall be signed by movant or counsel." Furthermore, the State cites no relevant case law involving Rule 24.035 or Rule 29.15 proceedings to support this proposition, and we have found none in our independent research.[4] The only limitation on filing an amended *pro se* motion which we have unearthed is that the motion must be timely filed so as to vest the motion court with jurisdiction to adjudicate the claim. *See Oliver v. State*, 196 S.W.3d 643, 645 (Mo.App.2006); *Rutherford v. State*, 192 S.W.3d 746, 748–49 (Mo.App.2006). As Johnson's second motion was timely filed, these cases provide no succor for the State. It is also noteworthy that the State's argument ig-

nores several reported cases in which claims presented in an amended *pro se* motion were adjudicated below and then reviewed on appeal. *See, e.g., Eddy v. State*, 176 S.W.3d 214, 216–17 (Mo.App. 2005); *Hatchett v. State*, 909 S.W.2d 748, 749 (Mo.App.1995); *State v. Scott*, 829 S.W.2d 120, 121–22 (Mo.App.1992). Therefore, we hold that Johnson was not prohibited from filing an amended *pro se* motion setting out additional claims.[5]

■ The State's second argument is based upon Rule 24.035(g), which prohibits an amended motion from incorporating material contained in any prior motion by reference. Citing this rule, the State argues that the additional claims in Johnson's second motion were not properly before the court because Johnson asked that they be "incorporated" into an amended motion to be filed by counsel. In our view, the State's contention is based on the simplistic assumption that post-conviction counsel would have been ignorant of the requirements of Rule 24.035(g) and would have literally followed Johnson's instructions by incorporating the claims by reference, rather than properly restating them in the body of counsel's amended motion. While the State may deign to so assume, we will not. Instead, we presume post-conviction counsel would have acted competently and complied with Rule 24.035(g)

---

4. We have reviewed the cases upon which the State relies and find all of them distinguishable. *State v. Hurt*, 931 S.W.2d 213, 214 (Mo.App.1996), held that a trial court did not abuse its discretion in denying defendant's *pro se* request for a continuance before trial because he was represented by counsel. *McGee v. State*, 821 S.W.2d 897, 898 (Mo.App. 1992), involved a movant who sought to supplement his appellate brief with several *pro se* points relied on in violation of a local appellate rule prohibiting such practice. *Price v. State*, 779 S.W.2d 6, 8 (Mo.App.1989), held that a motion court did not err in denying a movant's *pro se* motion for rehearing pursu-

ant to Rule 75.01 because he was still being represented by counsel at that time. *Lewis v. State*, 767 S.W.2d 49, 51–52 (Mo.App.1989), upheld the motion court's refusal to take up a "Motion to Vacate Under Rule 75" because the movant was still represented by counsel.

5. This holding is limited to the specific facts before us and is not intended to effect any change in the settled rule that the filing of an amended motion by post-conviction counsel supersedes a movant's *pro se* motion and renders it a nullity. *See, e.g., Day v. State*, 143 S.W.3d 690, 693 (Mo.App.2004).

if she decided to file an amended motion. *See Francis v. State*, 183 S.W.3d 288, 297 (Mo.App.2005) (counsel is presumed competent).

More to the point, that is not what actually occurred here. The State's argument ignores the fact that the elicitation of the claims to ultimately be litigated in a post-conviction proceeding involves an intricate *pas de deux* between the movant and post-conviction counsel. Counsel's investigation of those claims may involve direct communication with the movant, an examination of any claims which the movant has included in *pro se* filings, a review of the underlying criminal file, an examination of trial or plea counsel's file and sundry other matters. In the case at bar, the Form 40 motion originally filed by Johnson advised him that any claims not included would be waived or abandoned. Johnson did have other claims that were not included in the first motion. To avoid waiving or abandoning these additional claims, Johnson filed his second motion. He did so within the time allowed for an amended motion. As the title and first sentence of that document make clear, Johnson wished to bring these additional four claims to the attention of post-conviction counsel *so they could be included in an amended motion that she filed.* Had post-conviction counsel filed an amended motion containing all seven claims for relief contained in Johnson's first and second motion, we discern no reason why the motion court would not have been obliged to adjudicate each one. In other words, a recital of all seven claims in an amended motion filed by counsel would have preserved each claim as a live issue for adjudication. Here, though, post-conviction counsel chose to file a statement in lieu of an amended motion as authorized under Rule 24.035(e). This subdivision of the rule states in pertinent part:

If counsel determines that no amended motion shall be filed, counsel shall file a statement setting out facts demonstrating what actions were taken to ensure that (1) all facts supporting the claims are asserted in the pro se motion and (2) all claims known to the movant are alleged in the pro se motion.

Post-conviction counsel's statement in lieu of an amended motion clearly and specifically advised the motion court and the State that the live claims to be adjudicated at the evidentiary hearing were contained in Johnson's first and second *pro se* motions. At the commencement of that hearing, post-conviction counsel reiterated that these seven claims required adjudication, and she adduced evidence to support each claim with no objection by the State.

We are aware that Rule 24.035(i) requires the evidentiary hearing to be confined to "the claims contained in the last timely filed motion." On the specific facts presented, however, we conclude that post-conviction counsel's statement in lieu of an amended motion—which specifically identified the seven claims to be litigated—constituted "the last timely filed motion" for purposes of determining what issues had to be addressed by the motion court. Whether post-conviction counsel files an amended motion or a statement in lieu thereof, the purpose is the same: to give the motion court "grounds for confidence that all the prisoner's viable claims for post-conviction relief are brought together into a single, dispositive hearing." *McGee v. State*, 821 S.W.2d 897, 898 (Mo.App. 1992). We believe our harmonious construction of Rule 24.035(e) and 24.035(i) gives proper effect to each subpart of the rule and does nothing to undermine the purpose which the former subpart is intended to advance. A contrary holding, on the other hand, would impair the salutary purpose of Rule 24.035(e) by forcing counsel to file an amended motion, rather than a statement in lieu thereof, in any situation

in which the movant had filed more than one *pro se* motion requesting post-conviction relief.[6]

"The motion court's failure to issue findings of fact and conclusions of law as mandated in Rule 24.035(j) requires a reviewing court to reverse and remand." *Barnes v. State*, 160 S.W.3d 837, 839 (Mo.App. 2005). Johnson's point on appeal is granted. The order denying Johnson's Rule 24.035 motion is reversed. The case is remanded with directions that the motion court make such additional findings of fact and conclusions of law as are required to determine the issues set forth in Johnson's second motion and then render such judgment as is required.

GARRISON and LYNCH, JJ., Concurs.

---

**6.** An opposite holding would not assist the State because reversal and remand would still be necessary. If post-conviction counsel's statement was not the last timely filed motion in the case, then Johnson's second motion was. The motion court issued no findings of fact or conclusions of law concerning the second motion. The State's request for an affirmance ignores this conundrum.